## Southeastern Greyhound Lines v. Tincher et al. (Two Cases).
## Same v. Cunningham et al.

June 16, 1944.

Wallace Muir, Leslie Morris, and R. W. Keenon (Stoll, Muir, Townsend, Park & Mohney, Marion Rider, and Robert Matthews, of counsel), for appellants.

Polk South, Jr., for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

William Owen Harrod, Anna Mae Harrod, and Mrs. Lillian Cunningham, whose names appear in the captions, were passengers on the ill-fated Greyhound bus which was all but demolished on July 18, 1942, as the result of a collision with a truck on Highway No. 60 about 7 miles east of Shelbyville. The administrator of the estates of the Harrods, who were killed, and Mrs. Lillian Cunningham, who was seriously injured in the collision, recovered judgments against the Bus Company, the driver of the truck and its ostensible owner; and the Bus Company has appealed. The issues, except that the driver of the bus was not sued, were the same as those presented in the six cases this day disposed of under the leading caption of Southeastern Greyhound Lines v. Donohue, 298 Ky. 139, 182 S. W. 2d 328. The cases were tried together; and our principal reason for writing a separate opinion is that the present appellees are not represented by the attorneys for the

appellees in the six cases referred to, who conceded that the bus did not cross the center line of the road, and that the truck driver's negligence was primarily responsible for the collision. On the contrary, counsel for the present appellees contends that certain marks on the road indicate that the collision occurred in the truck's proper lane. As indicated in the opinion disposing of the six cases, the evidence furnished by the road marks was inconclusive, but it tended very strongly to show that the collision occurred in the bus' proper lane. At least it corroborated, rather than refuted the testimony of the eyewitnesses which, irrespective of the concessions of counsel led us to the conclusion that the sole cause of the collision was the negligence of the truck driver.

Appellant's counsel in brief states, "and if each driver had been on his side of the road as each one claimed, it would have been impossible for the collision to have occurred." We agree; and in view of the truck driver's testimony, if the scintilla rule was still in force, we would be compelled to hold that the question, which driver was on the wrong side of the road, was a question for the jury. But the abolition of the scintilla rule authorizes us to hold insufficient the truck driver's testimony, not because counsel for the appellees in the other cases concede its worthlessness, but because it is shown to be false by the testimony of disinterested eyewitnesses, and is flagrantly against the weight of the evidence as a whole.

Appellees' counsel also argues that even though the truck driver was on the wrong side of the road, the bus driver was contributorily negligent in the manner urged by counsel in the cases disposed of by our former opinion. But, as there pointed out, the facts completely disprove the possibility that the negligence charged against the bus driver, of which there was any substantial proof, could have been a proximate cause of the collision.

It follows that the court should have sustained appellant's motions for directed verdicts.

Judgments reversed for proceedings consistent with this opinion.

Whole Court sitting.