# Wright v. Hickman.

November 30, 1948.

Leonard S. Stephens for appellant.

Ben D. Smith and V. O. Blackburn for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS— Affirming.

In this action for damages for personal injuries to appellant, Kenneth Wright, the trial court directed a verdict in favor of appellee, Albert Hickman, at the conclusion of all the evidence. The sole ground upon which a reversal of the judgment dismissing the petition is sought is there was sufficient evidence to take the case to the jury. A correct determination of this question requires a brief review of the evidence.

On Feb. 14, 1947, Kenneth Wright, a 16 year old boy, was riding a horse on a narrow dirt road in Mc-Creary County and known as the Cal Hill road. Vehicles had made two ruts in the road which was thawing at the time of the accident. When Kenneth reached a slight curve in the road he heard a motor vehicle coming down the hill behind him and he pulled the horse he was riding off the right side of the road and brought the animal to a stop parallel with the road, in order that the motor might pass.

The horse was gentle and gave no evidence of fright at the approach of the vehicle, which was a half ton pick-up truck owned by appellee, Albert Hickman, and driven by Archie Brown, in which C. W. Shepherd was riding in the front seat with Brown. The front of the truck safely passed but the rear bumper and the horse collided, throwing the animal and its rider to the ground. The horse lay on the ground with its left hind leg hung in the right side of the rear bumper until the driver of the truck released the animal by loosening a bolt in the bumper. There is no contrariety in the facts as we have stated them up to this point.

Kenneth testified that the truck was coming down the hill and approaching him at the rate of 20 miles an hour, although he did not give its speed while passing him. But his witness, Shepherd, who was riding in the seat of the truck, testified that at the time it passed the horse it was going "very slow, I don't think over four or five miles per hour;" and its driver, Brown, testified he was travelling at that time "just as slow as it would possibly move to keep the motor going. * * * It couldn't have been more than five miles an hour."

It is not disputed the truck stopped instantly when it and the animal collided and that the horse got up after being released and the boy rode him away. Nor is there conflict in the evidence that the front of the truck safely passed the horse, although it went very close to the animal—Kenneth testifying it came within a foot and a half; Shepherd, within three or four feet; and Brown within three to five feet of the horse. These three are the only witnesses who testified as to how the accident happened.

Kenneth stated that the rear of the truck was wider than the front and in going around the slight curve the rear end swung out and struck the horse. This was more of a conclusion upon his part than a statement of fact, as he gave no measurements of the truck nor did he state that it had any unusual or peculiar construction which made the rear end wider than the front.

Shepherd very frankly stated he could not see the rear of the truck and did not know how it and the horse happened to collide. His is the accurate statement of a

fair and disinterested witness who makes no attempt to color his testimony by presumptions or conclusions.

Brown, like Kenneth, testified to a conclusion rather than a fact when he stated the horse backed into the truck saying, "It couldn't have happened otherwise," since he admits he did not see the horse and the rear of the truck collide, as he was in the seat of the vehicle.

The uncontradicted evidence of Brown is that the truck wheels never left the ruts in the road. He further stated that the reason he did not pull out of the ruts and go further to the left of the horse was that he would have gone into the ditch on the left of this narrow road had he done so.

From this brief resume of the evidence it is apparent none of the witnesses know just what caused this accident, that is, whether the driver negligently struck the standing horse or whether the animal suddenly backed into the rear of the truck as it passed. Nor do the physical facts shed any light on the cause of the accident. Kenneth concluded that the rear of the truck was wider than its front and this caused the rear bumper to catch the horse's hind leg; while Brown, the driver of the vehicle, surmises the animal backed into the truck while it was under reasonable control and was being driven slowly past the horse.

The rule is that where the evidence, when considered most favorably to the plaintiff and with every reasonable inference in his favor, establishes a case, or if reasonable minds may differ as to the effect of the evidence, the case should be submitted to the jury. Greene v. Pennington, 270 Ky. 28, 108 S. W. 2d 1013; Sanders v. Lakes, 270 Ky. 98, 109 S. W. 2d 36. But we have many times written that speculation, supposition and surmise are not sufficient to justify a submission of the case, and it should be taken from the jury when the evidence requires that body to resort to speculation or surmise as to how the accident occurred. Feldhaus v. Jefferson County, 264 Ky. 829, 95 S. W. 2d 790; Stacy v. Williams, 253 Ky. 353, 69 S. W. 2d 697; Burk Hollow Coal Co. v. McCulley's Adm'r, 290 Ky. 435, 161 S. W. 2d 622.

As we view this evidence, we are constrained to conclude that it offers no more than a speculation or a sur-

mise that the accident was the result of the negligence of the driver of the truck. Therefore, the court properly directed a verdict in favor of appellee.

The judgment is affirmed.