Glenn THORNBERRY, Appellant,

v.

Carol SMITH, Appellee.

Glenn THORNBERRY, Appellant,

v.

Harry SMITH, Appellee.

Glenn THORNBERRY, Appellant,

v.

James BROCK, Appellee.

Glenn THORNBERRY, Appellant,

v.

McKinley BROCK, Appellee.

Court of Appeals of Kentucky.

March 10, 1961.

Rehearing Denied June 23, 1961.

Stoll, Keenon & Park, Lexington, George T. Ross, Richmond, for appellant.

Thomas D. Shumate, Shumate & Shumate, Richmond, for appellees.

CULLEN, Commissioner.

In a collision between an automobile owned and operated by Carol Smith and a truck owned by Glenn Thornberry injuries were sustained by Smith and by a passenger in his car, James Brock. Smith and Brock, both of whom were minors, brought actions against Thornberry through their fathers as next friends seeking damages for personal injuries and medical expenses (Smith sought also to recover for damage to his car). The two fathers also sued individually to recover for such of the medical expenses as they might be liable for as parents. The actions were tried together and a verdict was returned awarding Carol Smith $3,830 for personal injuries and car damage, his father $1,169 for medical expenses, James Brock $1,000 for personal injuries, and his father $204 for medical expenses. Judgments were entered accordingly.

Thornberry has appealed from the judgment in favor of Carol Smith and has moved for an appeal from the other three judgments. His primary contention is that the "physical facts" establish that he was not negligent and therefore the court erred in not sustaining his motion for a directed verdict and his subsequent motion for judgments notwithstanding the verdict.

The accident happened around 4:30 p. m. on a March afternoon, in a sharp curve on a blacktop state highway in Madison County. The Smith car was heading south, and the curve was to its right. The Thornberry truck was going north, the curve being to its left. The two vehicles collided near the mid-point of the curve, the point of impact on the truck being at the front left fender and along the left side. The rear wheel assembly (including axles) of the truck was knocked from under it and the truck came to rest partly off the highway on its side a few feet north of the point of collision. The Smith car went off the road to its right and came to a stop against a tree some 135 feet south of the point of collision.

There were three boys (including James Brock) in the car with Smith. They all testified that the Smith car was going only 20 or 25 miles per hour; that because of the sharpness of the curve and the presence of a building close to the road on the inside of the curve they could see only 15 to 25 feet around the curve; and that the Thornberry truck came around the curve some three feet on the wrong side of the center line at a speed of 30 to 35 miles per hour. A young girl who claimed to have observed the accident from a position in a henhouse on a hill above the curve testified that the truck was two or two and one-half feet across the center line. The driver of the Thornberry truck testified that he was on his right side and the Smith car came around the curve on its wrong side.

The contention of the appellant is that the testimony of two state policemen as to skid marks of the Smith car shows conclusively that the collision occurred on the truck's side of the road and completely destroys the evidentiary value of the testimony of the plaintiffs and their witnesses.

The two policemen testified that there were *slide* marks (made by the two wheels on one side of the car by reason of the weight of the car being thrown to one side) of the Smith car extending 72 feet north of the point where the truck was. One of the policemen said that for the first 20 feet the marks were on Smith's side of the road but from that point on they were across the center line on the truck's side of the road and they did not come back to Smith's side of the road. He also said that at the place where the truck was standing the marks were two and one-half feet across the center line in the truck's lane. The other testified that at the place where the debris of the collision lay on the road the slide marks were three and one-half feet on the truck's side of the road.

The officers testified as to further tire marks, made by all four wheels of the Smith car, going back to the right from the area of the collision and extending 73 feet to a culvert off the road on the Smith car's right side, and additional marks extending 64 feet from the culvert to the tree against which the car came to rest.

The testimony of the policemen with reference to the skid marks was not controverted. Their testimony that all of the debris from the collision was on the truck's side of the road was controverted by the testimony of two witnesses that they saw some debris on the Smith car's side. There also was evidence that the metal top of the Smith car, which was torn off by the collision, was found lying off the road on the Smith car's side. However, we do not consider the evidence concerning the location of the debris and the car top to be significant, because the Smith car obviously glanced off the side of the truck which could cause the debris to be thrown to the car's right side.

■■ The only negligence of which the driver of the Thornberry truck is accused consists of his being on the wrong side of the road. The tire marks show that the Smith car was on the wrong side of the road at the place of collision and for some distance prior thereto. If, as the tire marks indicate, the car was some three feet on the wrong side, the truck could not also have been on its wrong side, because then the two vehicles would have collided head on, in-

stead of their left sides meeting in a glancing collision.

It is our opinion that the evidence with respect to the tire tracks conclusively establishes that the Smith car, and not the truck, was on the wrong side of the road, and that this evidence destroys the evidentiary value of the testimony of the plaintiffs' witnesses to the contrary. Ample precedent for this holding is found in Ison v. Mullins, Ky., 336 S.W.2d 599 (and cases therein cited); Ashland Oil & Refining Co. v. Brashear, Ky., 251 S.W.2d 288; and Stark's Adm'x v. Herndon's Adm'r, 292 Ky. 469, 166 S.W.2d 828.

The judgments are reversed (the motions for appeal being sustained as to the three judgments here on motion) with directions that judgments be entered for the defendant in accordance with his motion for judgments notwithstanding the verdict.