**GREYHOUND CORPORATION, Appellant,**

v.

**Edith ALLEN et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 17, 1961.

Rehearing Denied March 2, 1962.

Earl Cooper, Salyersville, Stoll, Keenon & Park, Lexington, for appellant.

Ben Mann, Arnett Mann, Salyersville, James Hogg, Jackson, for appellees.

CLAY, Commissioner.

Appellees (plaintiffs below) recovered judgments in the amounts of $12,000 and $500 respectively for alleged personal injuries suffered when the bus of appellant (defendant below) overturned after a collision on the highway. Though plaintiffs filed suit against the owners and operators of other vehicles involved in the collision, they made no attempt to prosecute their claims against such other parties and the latter are not involved on this appeal.

Plaintiffs were passengers on defendant's bus. While rounding a moderate curve to its left, the left front wheel housing of the bus was struck by a pickup truck, operated by one Adams, which approached from the opposite direction. As a result of this collision the bus ran off the road to its right and turned over on its side. Defendant contends it was entitled to a directed verdict because there was overwhelming proof the bus was on its right side of the road and the sole cause of the accident was the emergency movement of Adams' pickup truck.

According to Adams, he was proceeding at between 30 and 40 miles an hour as he approached the curve to his right. Another car pulled up even with him to pass. He,

and apparently the driver of the passing car just then became aware of the approaching bus. The passing car cut back quickly, and Adams slammed on his brakes and turned his truck to the right. It went toward or into the roadside ditch and as Adams tried to bring it back onto the roadway it veered to the left and struck the bus. It is undisputed that Adams temporarily lost control of his truck.

Plaintiffs maintain they established the negligence of the bus driver in three respects: (1) he was on the wrong side of the road, (2) he was inattentive and did not have control of the bus, and (3) he was proceeding at an excessive speed.

With respect to the first item of negligence we find in Adams' testimony the single statement that the collision occurred on his side of the highway. This is not only unsupported by any other evidence but is contradicted by the testimony of every witness who observed the accident, by the physical facts with respect to tire marks of the vehicles, by the positive prior statements made by this witness, and by the fact the bus had immediately before successfully met and passed the automobile directly in front of him. Such evidence simply could not induce conviction in reasonable minds, and under the authority of Central Lumber Company v. Sparks' Adm'r, Ky., 296 S.W.2d 453, would not authorize the submission of this issue of negligence to the jury. See also Ison v. Mullins, Ky., 336 S.W.2d 599.

There is an additional reason why Adams' statement concerning the position of his truck at the time of impact does not establish actionable negligence on the part of defendant. Under the peculiar facts of this case the proof was overwhelming, including the testimony of Adams himself, that the immediate and effective cause of the collision was not the position of the bus on the highway but Adams' loss of control of his truck. (He traces the chain of causation further back to the movement of a passing car but this is unrelated to the operation of defendant's bus.) The circumstances of

this case are almost identical with those in Southeastern Greyhound Lines v. Tincher, 298 Ky. 151, 182 S.W.2d 334. There it was held the defendant was entitled to a directed verdict because similar testimony of a truck driver was not believable, but even if believable, failed to overcome the conclusive proof that the position of the bus involved was not a proximate cause of the collision. See also Southeastern Greyhound Lines v. Donohue, 298 Ky. 139, 182 S.W.2d 328.

■ The second claim of negligence is that defendant's driver did not have proper control of the bus because, according to the testimony of plaintiff Allen, just before the accident the driver was lighting a cigarette and had only one hand on the steering wheel. We know of no duty which would require a bus driver to have both hands on the steering wheel at all times. There is no other evidence this slight incident in any way affected the driver's control of the bus. In any event, the handling of the steering wheel had nothing whatever to do with the uncontrolled movement of Adams' pickup truck which, as we have just observed, was the effective cause of the collision.

Apparently it is plaintiffs' argument that if the driver had better control of the bus he would not have run off the road and turned over. The answer is that the driver's subsequent loss of control was clearly shown to have been caused by the impact and not by the earlier manner of operating the bus.

■ The last contention of negligence is that the bus was travelling at an excessive speed to the extent its driver could not avoid leaving the road and turning over *after the collision*. In the first place, we find no evidence of excessive speed in this record. In the second place, the matter of speed relates to the operation of vehicles under normal driving conditions and we cannot say that a person must operate a vehicle so slowly that he can somehow avoid the subsequent injurious consequences of a collision. The bus driver did not violate any duty to appellees simply because he drove at such a speed that after another vehicle knocked the bus off the road he could not stop it before injury to a passenger. Even assuming excessive speed, it could not have been a proximate cause of this accident. See Southeastern Greyhound Lines v. Donohue, 298 Ky. 139, 182 S.W.2d 328.

We are unable to find in this record any evidence of substance that defendant's driver failed to exercise the highest degree of care or breached any duties to the plaintiffs which reasonable minds could find was a proximate cause of this accident or plaintiffs' injuries.

The judgment is reversed with directions to enter judgment for the defendant on its motion under CR 50.02.