William H. **PETERMAN**, Administrator of the Estate of David Timothy Peterman, Deceased, Appellant,

v.

Ivan **DARBY** et al., Appellees.

Court of Appeals of Kentucky.

Oct. 20, 1967.

748

Thomas Burchett, Sr., Burchett & Burchett, Ashland, for appellant.

Charles M. Daniels, Greenup, Jack R. Kibbey, Vanceburg, A. W. Mann, Ashland, for appellee.

STEINFELD, Judge.

David T. Peterman, 17 years of age, was killed in an automobile collision on July 8, 1963. He was a passenger in a pick-up truck driven by his friend, William I. Darby, and owned by William's father, Ivan Darby. The truck collided with an automobile operated by Charles W. Reffett. William H. Peterman, administrator of the estate of David T. Peterman, brought a wrongful death action against Ivan Darby, William I. Darby and Charles W. Reffett. The court sustained motions for a directed verdict and stated "that the plaintiff has failed in his duty to establish that either Charles W. Reffett or William I. Darby acted negligently in any way, * * *". Judgment was entered dismissing the suit as to all defendants. Peterman, administrator, appealed. We reverse.

The pleadings admitted the appointment and qualification of Peterman as administrator; that Ivan Darby was the father of William I. Darby; William's age at the time of the accident; that the 1954 Chevrolet pick-up truck which William was driving when the accident occurred was used with the consent, permission and acquiescence of Ivan Darby with whom William resided and that it was a vehicle used for the convenience and pleasure of the family. The Darbys cross-claimed against Reffett. They demanded indemnity, contribution and $500.00 for damage to their truck.

The Low Gap Road is hard surfaced and generally runs in an east west direction. Walker Lane is a dirt road which forms a T intersection with Low Gap Road. Proceeding westwardly on Low Gap Road one encounters a slight turn to the right immediately before reaching the intersection of Walker Lane, and shortly thereafter the road makes a slight turn to the left. At the time of the collision the shoulders of Low Gap Road were grown up in high weeds and bushes. Photographs introduced clearly showed that this road is of sufficient width for two vehicles proceeding in opposite directions to pass each other without difficulty.

The administrator testified that David T. Peterman was a senior high school

student and was in good health. He said that he measured the blacktop portion of Low Gap Road at the place of the accident and that it was 14 feet in width. Later he said "it was 14 or 16 feet wide at that time." He also testified that William I. Darby

"told me they discussed how far they was from his home to Tygart Creek before they left his home, and he said then they proceeded on their trip and after he rounded this curve he said he saw Reffett's car but he didn't think any more but what he would stop. Then he proceeded on and he said the last thing they were talking about was how far they had come. He looked down at the mileage register on his car and when he looked up Reffett's car was in his face. He cut to the left and froze and he said that's all he could remember."

Patricia Reffett was called as a witness for plaintiff. She testified that she was the wife of Charles W. Reffett; that he was driving the car; that she was riding as a passenger in the front seat of the Oldsmobile as it traveled along Walker Lane and approached Low Gap Road. She said that when they reached the intersection they came to a stop but because of the weeds and trees they could not see even though they had looked both ways. They moved "just barely on" to the highway and came to a second stop. She said that "I don't even know if our tires was even touching the highway or not. It might have been just touching. We wasn't way up on the highway." By that time she first saw the Darby truck coming from their left and it was "almost on us and he was coming fast." She said that they were in the process of making a left turn onto the highway and that their car was "pointed to the left to some degree." The right front of the Darby truck collided with the right front of the Reffett automobile.

The next witness for plaintiff was Estill Coleman, a Kentucky State Police Officer, who arrived about 30 minutes after the accident occurred. He testified as to the positions of the vehicles when he arrived. He made excellent photographs of the highway and the vehicles. They show extensive damage to the right front of the Oldsmobile and the right front and right side of the Darby truck. These photographs were introduced in evidence and are of substantial aid in understanding the testimony of the various witnesses.

The plaintiff then presented Wanda McCoy, a daughter of Peterman, the administrator. She testified that on a number of occasions William I. Darby told her "Wanda, I killed him. It was my fault. I did not see the car until the truck hit it." She was asked and answered:

"Q. 7 Did he tell you what he was doing just before it happened?

A. He was talking about looking at the speedometer. They had been judging how far they had come to that time."

The parties stipulated that David T. Peterman died as a result of the injuries he sustained in the accident. The plaintiff then rested whereupon the respective counsel for all defendants moved for the directed verdict contending that plaintiff had "proved no substantive negligence on the part of anybody." CR 50.01. The court sustained the motion for the peremptory instruction. Counsel for plaintiff objected strenuously and later moved for a new trial.

The appeal as to Reffett has been dismissed. We must determine if a directed verdict in favor of Ivan and William I. Darby was proper.

■ The weight of the evidence and the credibility of the witnesses could not be considered—that is for the jury. West Kentucky Transportation Company v. Dezern, 259 Ky. 470, 82 S.W.2d 486 (1935); Louisville & Nashville Railroad Co. v. Quinn, 187 Ky. 607, 219 S.W. 789 (1920); Cochran v. Downing, Ky., 247 S.W.2d 228 (1952). Speculation, supposition and sur-

mise must be eliminated. Wright v. Hickman, 308 Ky. 634, 215 S.W.2d 553 (1948); Whalen's Adm'x v. Sundell et al., 303 Ky. 752, 199 S.W.2d 426 (1947); Schuster v. Steedley, Ky., 406 S.W.2d 387 (1966). No consideration may be given to evidence that is entirely at variance with physical laws, or where certain physical facts are of such character as to make that evidence unbelievable. Couch's Adm'r v. Black, 301 Ky. 24, 190 S.W.2d 681 (1945); National Linen Supply Co. v. Snowden, 288 Ky. 374, 156 S.W.2d 186 (1941).

The claimant against whom the motion was made is supported by evidence in the form of admissions favorable to him. Watson v. Watson, Ky., 245 S.W.2d 586 (1952). His proof includes any facts developed on cross examination. Clendenin v. Colonial Supply Co., 267 Ky. 544, 102 S.W.2d 992 (1937). He is entitled to the benefit of the whole evidence. City of Ludlow v. Albers, 253 Ky. 525, 69 S.W.2d 1051 (1934).

Giving the benefits and imposing the restrictions we have stated and admitting that every fact shown by that evidence is true and after drawing all reasonable inferences that fairly and reasonably may be drawn therefrom, if these are sufficient to support a verdict, the motion should be overruled. Nugent et al. v. Nugent's Executor et al., 281 Ky. 263, 135 S.W.2d 877 (1940); K & I T. R. R. Co. v. Cantrell, 298 Ky. 743, 184 S.W.2d 111 (1944); Aubrey's Adm'x v. Kent, 292 Ky. 740, 167 S.W.2d 831 (1943); Ky. Transfer Co. v. Campbell, 299 Ky. 555, 186 S.W.2d 409 (1945).

A witness stated that the Oldsmobile was not moving at the time of the impact and placed it as being slightly onto the Low Gap Road, the paved portion of which was at least 14 feet wide. Accepting this testimony as true there was ample room for the Darby truck to avoid colliding with it. Russell v. Prater, Ky., 419 S.W.2d 764 (decided October 20, 1967). The testimony of another witness showed that the Darby boy admitted that he was not keeping a proper lookout ahead. KRS 189.290. We hold that this testimony together with the stipulation and the admissions in the pleadings was sufficient to overcome the motion for a directed verdict made on behalf of Ivan Darby and his son.

The judgment is reversed with directions to grant a new trial against Ivan Darby and William I. Darby.

All concur.