Jesse **RUSSELL**, Appellant,

v.

Phillip **PRATER**, by his next friend,
Christine Prater, Appellee.

Court of Appeals of Kentucky.

Oct. 20, 1967.

J. K. Wells, Paintsville, for appellant.

Arnett Mann, Salyersville, for appellee.

CLAY, Commissioner.

Appellee, who was riding a motorcycle, collided with appellant's parked automobile and recovered a substantial judgment for personal injuries. The only question raised on appeal is whether appellant was entitled to a directed verdict on the ground that appellee was contributorily negligent as a matter of law.

In the daytime, on a public highway in Magoffin County, appellant's car was parked on the right hand side as appellee approached. It extended partially onto the traveled portion somewhere between two and four feet. The position of the car was on a curve to the left, but there was substantial evidence (not contradicted by appellee) that the automobile was in a clearly observable position from a distance of at least 150 feet.

Appellee's version of how the accident happened is that he did not see the automobile until he was 30 or 40 feet from it, at which time he said he was operating his motorcycle at a speed of from 35 to 40 miles an hour. There was ample room for appellee to avoid striking the automobile by going slightly to the left in his own lane, there being no other obstructions, but he said he did not make this maneuver because it would cause the motorcycle to "slide out from under you".

Clearly appellant was negligent in having his automobile parked partially upon the traveled portion of the highway. KRS 189.450(1). If, however, appellee was contributorily negligent, he cannot recover.

Except for sympathetic considerations, we cannot believe that reasonable minds could conclude under the facts of this case that appellee was not negligent. To say that a person on a motorcycle is exercising due care when, in broad daylight, he runs over an automobile partially parked on a public highway in plain view for a substantial distance, is simply contrary to any concept of a motorist's responsibility.

If we accept appellee's statement that he did not see the automobile until he was 30 or 40 feet away, he could not have been keeping any prior lookout whatever. If by any stretch of the imagination he was keeping a proper lookout, he clearly did not have his motorcycle under reasonable control since he was unable to slow down and swerve it a very few feet to avoid this obvious obstruction. He testified, "I thought I was going slower". While the facts are somewhat different, the principles applied in Banner Transfer Company v. Morse, Ky., 274 S.W.2d 380, are applicable here. Appellee was contributorily negligent as a matter of law.

Appellant's motion for judgment notwithstanding the verdict should have been sustained.

The judgment is reversed with directions to enter judgment for the defendant.

All concur.