Beatrice LOVINS, Fern Lovins and
Wausau Insurance Company,
Appellants,

v.

Kenneth NAPIER, Denver Haddix
and Rockwood Insurance
Company, Appellees.

No. 90–SC–517–DG.

Supreme Court of Kentucky.

Aug. 29, 1991.

J. Douglas Graham, Campton, James B.
Stephenson, Frankfort, Roger Massengale,
Wells, Porter, Schmitt and Walker, Paints-
ville, for appellants.

William G. Francis, Paul C. Gordon,
Francis, Kazee and Francis, Prestonsburg,
for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the
Court of Appeals which reversed a jury
verdict in favor of Lovins and directed the
circuit court to grant a judgment N.O.V. on
behalf of Napier and Haddix in a personal
injury case.

The question presented is whether the
Court of Appeals erred in reversing the
judgment and holding that Napier was enti-
tled to a judgment notwithstanding the ver-
dict.

Lovins was involved in a collision with a
coal truck driven by Napier. The vehicles
were approaching a narrow two-lane bridge
from opposite directions. Debris had col-
lected on either side of the bridge, thus
narrowing the lanes even further. As Lo-
vins' car and the oversized coal truck ap-
proached the bridge, Lovins feared that the
two vehicles could not safely pass and
braked her car. When she did so, her car
went into a skid and went into Napier's
lane. Lovins and a passenger stated that
her automobile was at a stop and in her
lane of traffic when it was struck by the
coal truck. Napier testified that the Lo-
vins vehicle was still sitting sideways in his
lane of traffic when his truck struck her
car.

The Court of Appeals held that under *Thornberry v. Smith,* Ky., 346 S.W.2d 727 (1961), the physical evidence destroyed the evidentiary value of testimony of Lovins and her passenger, that the testimony of those two witnesses was entirely at variance with physical facts such as to make the evidence unbelievable. This Court granted discretionary review.

■ The purpose of a motion for judgment N.O.V. is the same as that of a motion for directed verdict.... When either motion is made the trial court must consider the evidence in its strongest light in favor of the party against whom the motion was made and must give him the advantage of every fair and reasonable intendment that the evidence can justify. On appeal the appellate court considers the evidence in the same light. *Sutton v. Combs,* Ky., 419 S.W.2d 775 (1967); *Cf. Taylor v. Kennedy,* Ky.App., 700 S.W.2d 415 (1985).

■ Here the facts, unlike *Thornberry, supra,* indicate there exists disputed issues of fact and that the finding made by the jury was completely proper. The jury was properly instructed that Napier had a duty to keep a lookout for other vehicles in front of him or near his intended line of travel, so as to be in danger of collision, to drive said vehicle under reasonable control, and to exercise ordinary care generally to avoid collision with other vehicles. It was clearly within the province of the jury to find that Napier failed to exercise reasonable care in not stopping in time to avoid the collision.

The testimony of Lovins and her passenger created a jury issue when considered with the testimony of the truck driver and the undisputed physical facts. The truck driver testified that he came onto the bridge and saw the Lovins car skidding on the curve leading to the other end of the bridge. When he crossed the bridge, the Lovins car was sideways and partly in his lane. He said that he couldn't stop and struck the car and that he tried to avoid the accident. The bridge is 300 feet in length and the skid marks on the Lovins vehicle were, according to the state trooper, 80 to 100 feet. There was no explanation as to why the truck did not stop in time to avoid striking the car. The reconstruction expert testified that at the speed the truck driver testified to, he had sufficient time in which to stop. Skid marks of ten feet were shown after the truck brakes were applied.

Clearly a jury issue is presented as to whether the truck driver exercised ordinary care in not stopping in time to avoid the collision. A reviewing court must give great weight to the findings of fact of the trial judge and the verdict of the jury. In this case it is clear that there was more than one fair and reasonable conclusion that could be drawn from the evidence.

*Thornberry v. Smith,* Ky., 346 S.W.2d 727 (1961) is not applicable to the facts in this case because in *Thornberry* no assumptions were made. The investigating officers testified as to skid marks and other physical conditions. Here the entire argument regarding the Lovins car moving forward involves assumptions by the state trooper that the impact occurred where the skid marks ended. Lovins did not testify about her car moving forward after the impact.

Here it was not inherently impossible for the accident to have occurred as Lovins claims that it did. The evidence in the record is not at variance with physical laws and the physical facts do not make the evidence unbelievable. Reasonable minds could reach a decision on the question of negligence.

The decision of the Court of Appeals is reversed and this case is remanded for consideration of the questions involving sufficiency of the evidence for lost wages and damages and the matter of opening statement.

STEPHENS, C.J., and COMBS, LAMBERT, LEIBSON and SPAIN, JJ., concur.

REYNOLDS, J., dissents with a separate opinion.

REYNOLDS, Justice, dissenting.

I respectfully dissent and would emphasize that the negligence, if any, of which

the truck driver is accused consisted of his being on the wrong side of the road at the time of the collision. The tire marks of both vehicles disclose that the Lovins' vehicle was itself on the wrong side of the road at the place of collision. The evidentiary value of Lovin's inconsistent testimony and arguments is destroyed by the pure evidence to the contrary. In fact, considering that her car moved forward after the impact, it appears inherently impossible for the accident to have occurred as the driver claimed it did. *Bryant v. Corley*, Ky., 455 S.W.2d 566 (1970). Consideration may not be given to evidence that is entirely at variance with physical laws, or where physical facts are such as to make that evidence unbelievable. *Peterman v. Darby*, Ky., 419 S.W.2d 747 (1967).

There appears to be no evidence of substance that the truck driver breached any duties to the Lovins which reasonable minds could find was the proximate cause of the accident. *Greyhound Corporation v. Allen*, Ky., 353 S.W.2d 558 (1961). Without equivocation, it appears that *Thornberry v. Smith*, Ky., 346 S.W.2d 727 (1961), is applicable to the facts in this case. The facts are virtually identical. The physical evidence destroys the evidentiary value of the plaintiff's testimony to the contrary.

The opinion of the Court of Appeals should be affirmed.