RENDERED: OCTOBER 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1247-MR

HANNAH TILLER                                                           APPELLANT

v.                     APPEAL FROM JEFFERSON CIRCUIT COURT
                       HONORABLE ANNIE O'CONNELL, JUDGE
                       ACTION NO. 21-CI-001926

JABBAR THAMMER ALDHALIMI
AND ORIENT AUTO SALE LLC                                                APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, McNEILL, AND K. THOMPSON, JUDGES.

COMBS, JUDGE: This case involves an automobile accident in which the

Appellant seeks to recover damages against the seller of the car under a claim

implicating Kentucky Consumer Protection Act. Appellant, Hannah Tiller, appeals

from an order of the Jefferson Circuit Court granting the motion to dismiss the

complaint filed by the Appellee, Jabbar Thammer Aldhalimi. We affirm.

On April 1, 2021, Hannah Tiller filed a complaint in Jefferson Circuit Court against Aldhalimi; she then filed an amended complaint on April 15, 2021, against Aldhalimi and Orient Auto Sale LLC. Tiller alleged that "[o]n or about April 15, 2020, [she] was driving a 2006 Toyota Corolla . . . southbound on South 8th Street **when another vehicle disregarded a stop light causing a collision with Ms. Tiller**." (Emphasis added.) The driver of the other vehicle was not named as a party nor was otherwise identified in the complaint.

Tiller alleged that Aldhalimi had sold the Corolla to her on or about March 2, 2020, and that Orient had sold it previously to Aldhalimi. Tiller further alleged that she sustained severe injuries in the accident; that the Corolla had been involved in a prior accident on or before July 1, 2019; and that the Corolla did not properly protect her "because of the acts and/or omissions of the Defendants."

For her causes of action as to Aldhalimi and Orient, Tiller asserted that:

17. Plaintiff files this claim due to Defendants [*sic*] negligent acts and/or omissions which include but are not necessarily limited to, one or more of the following:

    a. Defendants were negligent for making representations and/or failing to inform (failure to warn) Plaintiff regarding the vehicle;

    b. Defendants were negligent in its repair;

    c. Defendants were negligent in its modifications;

d.  Defendants were negligent in its maintenance;

e.  Defendants were negligent in its service;

f.  Defendants failed to properly inspect the safety of the vehicle;

g. Defendants failed to properly inspect for, repair and/or report safety hazards;

h. Defendants failed to properly inspect the safety systems on the vehicle; and/or

i.  Plaintiff did not discover the negligent acts of Defendants until an accident caused severe injuries to Plaintiff.

18.  Defendants were negligent in many ways, including its inspection of the subject vehicle.

19.  Defendants were negligent in failing to advise the Plaintiff that the subject vehicle had suffered extensive damage.

20.  The injuries complained of herein resulted from the gross negligence, malice, or unconscionable conduct of Defendants, which entitles Plaintiff to exemplary damages.

21.  The negligence of Defendants were [*sic*] undiscoverable until an accident occurred, and Plaintiff had no objective knowledge of any actionable conduct until after the accident.

22.  The negligence was essentially undetectable, inherently dormant, characterized by prolonged latency, and no immediate injury manifested itself to alert Plaintiff until after the accident.

23. The facts at trial will further prove fraud and/or deception on the part of Defendants.

24. Defendants engaged in an unconscionable action or course of action that took advantage of the lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

25. Defendants failed to ensure that the vehicle he [*sic*] sold had properly functioning safety systems and/or that it was crashworthy.

26. Plaintiff was a "consumer."

27. The Defendants' conduct, as described herein and otherwise, constituted "false, misleading, or deceptive" acts or practice. Each such act or practice was a producing cause of economic damages and damages for mental anguish to Plaintiff.

28. The wrongful conduct of Defendants was a producing cause of damages to Plaintiff.

29. After materials are produced in discovery and after Defendants and others have been deposed, additional allegations may come to light and Plaintiff reserves the right to amend pleadings.

On July 23, 2021, Defendant Aldhalimi filed a motion to dismiss Tiller's complaint. In his supporting memorandum, Aldhalimi alleged that he purchased the Corolla from the Defendant Orient in February 2020; that the Corolla had been in an automobile accident around July 2019; and that the Kentucky Certificate of Title issued on January 1, 2020, to Orient listed the Corolla as a rebuilt vehicle. Aldhalimi explained that while the Corolla was in his

-4-

possession, the title was never transferred into his name by Orient. On or about March 2, 2020, Aldhalimi sold the Corolla to Tiller. When the vehicle was transferred into Tiller's name, "this had to be done by the Defendant ORIENT AUTO SALES because the legal right to transfer the title had not yet passed to Defendant ALDHALIMI." (Uppercase original.) Aldhalimi did not attach a copy of the title or any other documents to his motion.

Aldhalimi contended that at the time of sale to him and at the time of sale to Tiller, the Corolla was considered to be a rebuilt vehicle as defined in KRS[1] 186A.510(7),[2] meaning that it had met the roadworthy standard in KRS 186A.510(8).[3] Because the Corolla was more than ten years old, the notification provisions of KRS 186A.530 did not apply.[4]

Aldhalimi argued as follows:

---

[1] Kentucky Revised Statutes.

[2] KRS 186A.510(7) defines "'[r]ebuilt vehicle' [as] a vehicle that has been repaired to a road worthy condition after having been registered as a salvage vehicle pursuant to KRS 186A.520, or a similar salvage designation from another licensing jurisdiction[.]"

[3] KRS 186A.510(8) defines "'[r]oadworthy condition' [as] a vehicle in a safe condition to operate on the highway and capable of transporting persons or property that complies fully with the provisions of KRS Chapter 189 pertaining to vehicle equipment[.]"

[4] KRS 186A.530(8)(b) provides that: "Nondealer disclosure shall be made in accordance with the procedures provided for in KRS 186A.060. The Department of Vehicle Regulation shall ensure that disclosure information appears near the beginning of the application for title and informs the buyer that the vehicle is a rebuilt vehicle." KRS 186A.530(10) provides that: "The notification provisions of this section shall not apply to motor vehicles more than ten (10) model years old."

> The only reason there is any issue is because Plaintiff was involved in an automobile accident that the Defendants were in no way a part of. The accident is an intervening issue that may not be laid at the doorstep of either Defender [*sic*] herein. Clearly, the Defendants cannot be charged with the actions of a third-party motorist who was involved in the accident with Plaintiff TILLER [*sic*]. For her to assert that the Defendants should be held accountable for the actions of a third-party motorist lacks merit and support from any Kentucky caselaw or other jurisprudence.

In addition, Aldhalimi argued that he did not owe Tiller any legal duty for crashworthiness, that this is not a products liability case, that he is not a manufacturer or designer, and that, therefore, the elements for crashworthiness cannot be met citing *Toyota Motor Corporation v. Gregory*, 136 S.W.3d 35, 41 (Ky. 2004).

In her response, Tiller asserted that her first amended complaint established a cause of action against Aldhalimi. Tiller did not dispute that Aldhalimi's motion to dismiss could be considered as a motion for summary judgment under CR[5] 56 were it properly supported by admissible and undisputed evidence, but she noted that Aldhalimi had failed to submit any such evidence.

By order entered September 23, 2021, the trial court granted the motion to dismiss as follows:

> On Motion of Defendant Aldhalimi, by counsel, and the Court being otherwise sufficiently advised, IT IS

---

[5] Kentucky Rules of Civil Procedure.

-6-

HEREBY ORDERED that the Defendant's Motion to Dismiss the Complaint herein is hereby granted.

THIS IS A FINAL AND APPEALABLE JUDGMENT AND THERE IS NO JUST CAUSE FOR DELAY.

(Upper case original.)

On October 20, 2021, Tiller filed a notice of appeal to this Court. Tiller's argument on appeal is that the trial court committed reversible error in dismissing Defendant Aldhalimi because he could not show that Plaintiff had failed to state any claim upon which the trial court could grant relief.

CR 12.02 provides in relevant part that:

[T]he following defense[] may . . . be made by motion: . . . (f) failure to state a claim upon which relief can be granted . . . . If, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In *Benningfield v. Pettit Environmental, Inc.*, 183 S.W.3d 567 (Ky. App. 2005), this Court explained that:

A motion to dismiss should only be granted if it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim. When ruling on the motion, the allegations in the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the

-7-

complaint to be true. In making this decision, the trial court is not required to make any factual findings. Therefore, the question is purely a matter of law. Accordingly, the trial court's decision will be reviewed *de novo.*

*Id.* at 570 (internal quotation marks and citations omitted).

Subsection A of Tiller's argument is that the trial court erred in granting Aldhalimi's motion to dismiss because it was "based solely on allegations of 'fact' outside of the pleadings" which failed to meet the requirements for consideration as a motion for summary judgment under CR 56. Tiller asserts that there was no way for Aldhalimi to know what the title actually said, having claimed that the title was never transferred to him, and that "[w]ithout the actual title, or a copy thereof," Aldhalimi's statements about the title are inadmissible.

Tiller relies upon *Spillman v. Beauchamp*, 362 S.W.2d 33, 34 (Ky. 1962), which holds that:

It is true that CR 12.02 provides that if, on a motion to dismiss on the ground that the complaint fails to state a claim on which relief can be granted, 'matters out-side the pleading' are presented to and not excluded by the court, the motion shall be treated and disposed of as one for summary judgment. But statements of fact in a legal memorandum are not within the category of 'matters outside the pleading' contemplated by the rule. They lack the ceremonial quality of testimony in open court which may be found in depositions, admissions or affidavits.

(Citations omitted.)

We cannot presume that the trial court improperly considered statements in Aldhalimi's legal memorandum about the Corolla's title in the case before us. A "circuit court . . . speaks only through written orders entered upon the official record." *Kindred Nursing Centers Ltd. P'ship v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010). The trial court's order does not reflect that it considered any matters relating to the Corolla's title whatsoever. *See McCarthy v. RiteScreen Co., Inc.*, No. 2011-CA-000888-MR, 2013 WL 2660783, at *4 (Ky. App. Jun. 14, 2013) (holding that where the trial court's order does not demonstrate "reliance on qualifying matters outside the pleadings . . . we must presume such matters were excluded by the court and the motion to dismiss was not converted to one for summary judgment. Under such circumstances, appellate review will be pursuant to the standard set forth in CR 12.02(f)").

We proceed with our review under CR 12.02(f). Contrary to Tiller's argument in her reply brief, Aldhalimi's motion to dismiss was not based entirely "upon the claimed existence" of a certificate of title listing the Corolla as a rebuilt vehicle. More significantly, Aldhalimi also argued that the motor vehicle accident was caused by a third party and that Tiller's assertions that "Defendants should be held accountable for the actions of a third-party motorist lacks merit and support from any Kentucky caselaw or other jurisprudence."

In her complaint and amended complaint, Tiller alleged that "[o]n or about April 15, 2020, Plaintiff was driving a 2006 Toyota Corolla . . . southbound on South 8th Street when **another vehicle disregarded a stop light, causing a collision with Ms. Tiller**." (Emphasis added.) She also pleaded that "[d]uring the accident sequence, Plaintiff sustained severe injuries."

In subsection B of her Appellant's Brief, Tiller argues that "Defendant and the Trial Court completely ignored the very reason and purpose for Defendant's being joined into the lawsuit. Specifically . . . that Defendant was negligent in the repair, modification, service and maintenance" of the Corolla before he sold it to Tiller. "Therefore, it was not simply a matter of a negligent failure to disclose potential issues related to the sale" of the Corolla.

*Briner v. General Motors Corporation*, 461 S.W.2d 99 (Ky. 1970), involved an action against Universal, an automobile dealer, on a theory of negligent repair. Briner was injured when the Chevrolet which she was driving struck an on-coming vehicle. She testified that something had happened to the car, that it veered to the left, and that when she tried to steer to the right, the wheel would not turn. On appeal, Briner argued that it was error to direct a verdict for Universal. The former Court of Appeals of Kentucky disagreed and affirmed as follows:

> Assuming that Universal failed to make a proper inspection, **to establish a case of negligence creating**

> **liability the causal relationship between the acts or omissions and the accident must be shown**. To forge the link between Universal's alleged misconduct and the accident, it was incumbent upon plaintiff to prove by evidence of substance that the alleged negligence was **a proximate cause** of the accident.

*Id.* at 101 (citations omitted) (emphases added). Furthermore, the Court found no prejudicial error in the trial court's denial of Briner's "motion to file an amended complaint against Universal which injected a breach of warranty theory of liability against it. **This theory fails to bridge the gap which we hold was fatal to plaintiff's original claims against Universal** . . . ." *Id.* at 103 (emphasis added).

The same gap is fatal to Tiller in the case before us. The allegations of Tiller's complaint and amended complaint fail to establish an essential element of her claim; *i.e.*, that Aldhalimi's alleged negligence -- whether in the inspection, repair, modification, maintenance, service, and/or disclosure of potential issues with the Corolla -- was a proximate cause of the accident. To the contrary, the allegations of Tiller's complaint and amended complaint, which we take as true, plainly state that *another vehicle caused the collision by disregarding a stop light*. To the extent that Tiller appears to allege a cause of action for negligence *per se* against Aldhalimi for violation of any statute, the result is the same. "Failure to comply with the terms of a statute is negligence *per se*. However, in an action for damages, the violation of the statute must be the proximate cause of the injury to

-11-

permit recovery." *Peak v. Barlow Homes, Inc.*, 765 S.W.2d 577, 578 (Ky. App. 1988).

In subsection C of her argument, Tiller explains that she "has alleged that modifications and repairs to the [Corolla] made the vehicle less safe were the vehicle to be involved in an accident." What Tiller alleged in her complaint and amended complaint was that "Defendants failed to ensure that the vehicle he [*sic*] sold had properly functioning safety systems and/or that it was crashworthy."

As our Supreme Court explained in *Toyota Motor Corporation*, 136 S.W.3d at 41:

> In a crashworthiness or enhanced injury case, the plaintiff claims not that a defect in a motor vehicle caused a collision, but that a defect in the vehicle caused injuries over and above those which would have been expected in the collision absent the defect. The claim, in essence, is that the design of the vehicle failed to reasonably protect the occupant in a collision. These cases are also known as second impact cases, the first impact being the vehicle's collision with another object, and the second impact being the occupant's contact with interior structures or components of the vehicle. . . .
>
> The elements of a *prima facie* crashworthiness are: (1) an alternative safer design, practical under the circumstances; (2) proof of what injuries, if any, would have resulted had the alternative, safer design been used; and (3) some method of establishing the extent of enhanced injuries attributable to the defective design.

We agree with Aldhalimi that none of these elements was or could have been met in the case before us.

Accordingly, we affirm the trial court's September 23, 2021, order dismissing.

ALL CONCUR.

BRIEFS FOR APPELLANT:

James Ryan Turner
Florence, Kentucky

Lorin M. Subar
Dallas, Texas

BRIEF FOR APPELLEES:

Nader George Shunnarah
Louisville, Kentucky