**Helen HUFFMAN, Appellant,**

v.

**SS. MARY & ELIZABETH HOSPITAL and American Red Cross, Appellees.**

Court of Appeals of Kentucky.

Jan. 21, 1972.

David Kaplan, Stuart Lyon, Edward T. Brady, Jr., Louisville, for appellant.

Frank Doheny, Jr., Woodward, Hobson & Fulton, Louisville, for SS. Mary & Elizabeth Hospital.

Lively M. Wilson, Stites & McElwain, Louisville, for American Red Cross.

L. T. GRANT, Special Commissioner.

The appellant, Helen Huffman, appeals from a judgment entered on a directed verdict for the appellees, SS. Mary & Elizabeth Hospital and American Red Cross. The trial judge sustained the motion of the appellees for a directed verdict after the appellant had presented her evidence and announced closed at the trial before a jury.

The appellant in her statement of questions presented to the court states that the trial court erred in sustaining the appellees' motion for a summary judgment. This was not a summary judgment, but rather it was a directed verdict after the appellant had introduced her evidence in support of her cause of action.

The appellant, Mrs. Huffman, filed a complaint against SS. Mary & Elizabeth Hospital and the American Red Cross, alleging that she was given blood transfusions at the hospital which caused her to contract hepatitis, causing her personal injury. The theories of liability advanced by the appellant were negligence, breach of implied warranty, and an attempt to bring the case under the doctrine of strict liability for the sale of an unreasonably dangerous product under the principle declared in § 402A of the Restatement of Torts 2d.

In her brief, the appellant refers to testimony contained in depositions to support her cause of action. The record reveals that these depositions were never introduced into evidence at the trial. The evidence introduced on behalf of the appellant was the testimony of the appellant herself, her husband, Alvin Clark Huffman, Dr. David R. Ringel, the attending physician, Dr. Edward Callahan, pathologist at SS. Mary & Elizabeth Hospital and Evelyn Fleming of the American Red Cross.

The evidence reveals that appellant, Mrs. Huffman, was taken to the appellee hospital on January 10, 1968, because of vaginal bleeding. Along with other treatment, she received two units of whole blood. After remaining at the hospital for a period of four days, she was discharged. On March 4, 1968, she was again admitted to the hospital where surgery was performed

on March 7, 1968. Mrs. Huffman complained of some tenderness of the right chest and upper quadrant, and Dr. Ringel diagnosed her difficulty at that time as being serum hepatitis.

Dr. Ringel testified as to the difference in the way serum hepatitis is transmitted as opposed to infectious hepatitis. According to Dr. Ringel, serum hepatitis is transmitted through the blood stream, and infectious hepatitis is transmitted orally. Both Dr. Ringel and Dr. Callahan testified that there is no known method to determine whether a patient with hepatitis has serum hepatitis or infectious hepatitis.

Dr. Ringel stated that serum hepatitis could be caused by an inadequately sterilized needle or anything that might puncture the skin, such as a blood-letting device or a nail which had the contamination organism on it. He also stated that whole blood with impurities contained in it could be a cause of serum hepatitis. No evidence was introduced by appellant, Mrs. Huffman, as to the precautions that were taken by the appellee hospital to sterilize the various instruments that came into contact with appellant's blood stream, so as to eliminate cause other than the blood transfusion.

We do not feel it is necessary to discuss the appellant's claims of negligence, breach of implied warranty and strict liability because all of these theories of liability have one common demoninator, which is that causation must be established. See Holbrook v. Rose, Ky., 458 S.W.2d 155. We have held that the plaintiff has the burden to establish legal causation and that this legal causation may be established by circumstantial evidence. While reasonable inferences are permissible, a jury verdict must be based on something other than speculation, supposition or surmise. The type of evidence that will support a reasonable inference must indicate the *probable* as distinguished from a *possible* cause. See Briner v. General Motors Corp., Ky., 461 S.W.2d 99. There must be sufficient proof

to tilt the balance from possibility to probability. See Bartley v. Childers, Ky., 433 S.W.2d 130. In this case the appellant has introduced evidence that impurities in whole blood was a possible cause of serum hepatitis. The plaintiff's witnesses also testified as to the other possibilities—such as a needle or blood-letting device or any other instrument that punctures the skin, that had not been sterilized. These were all possibilities and there is absolutely no evidence contained in this record, either direct or circumstantial, which would indicate that the probable cause of the serum hepitatis was the whole blood furnished by the appellee, American Red Cross, and administered by the appellee, SS. Mary & Elizabeth Hospital.

Because of the failure on the part of the appellant to establish legal causation, we are of the opinion that the judgment should be affirmed.

All concur.