**MIDWESTERN V. W. CORPORATION et al., Appellants,**

v.

**Wanda RINGLEY and Kelly Vance Motors, Inc., Appellees.**

Court of Appeals of Kentucky.

June 15, 1973.

As Modified on Denial of Rehearing Sept. 7, 1973.

Winfrey P. Blackburn, Jr., Stites & McElwain, Louisville, for appellants.

J. Turner Hatcher, Hatcher & Lewis, Elizabethtown, for appellee Wanda Ringley.

James M. Collier, Faurest, Collier, Arnett, Hensley & Coleman, Elizabethtown, for appellee Kelly Vance Motors, Inc.

STEPHENSON, Justice.

A Hardin Circuit Court jury awarded Wanda Ringley damages for personal injuries and property damage as a result of an accident when her automobile skidded and struck a telephone pole. The verdict was against Kelly Vance Motors, Inc., the Volkswagen dealer from whom Wanda purchased the car, Volkswagenwerk Aktiengesell, the manufacturer of the car, Volkswagen of America, Inc., the importer, a wholly owned subsidiary of the factory, and Midwestern Volkswagen Corporation, the distributor who purchased the car from the importer and sold the automobile to Kelly Vance Motors. The manufacturer, importer, and distributor appeal from the judgment in favor of Wanda Ringley and also appeal from a joint and several judgment in favor of Kelly Vance Motors against them for indemnity. Kelly Vance Motors does not appeal.

Wanda purchased a new Volkswagen automobile from Kelly Vance Motors. The warranty against defects in manufacturing covered a period of twenty-four months. Shortly after Wanda purchased the automobile, while applying the brakes to come to an abrupt stop, and the automobile pulled to the right. Wanda returned the automobile to Kelly Vance Motors and reported the incident, and when she picked up the automobile, she was advised that it had been repaired. She testified she had no further difficulty until shortly thereafter when a similar incident occurred, and again the automobile was returned to Kelly Vance Motors and again she was advised that the car was repaired. Wanda testified that she had no further difficulty until a little more than a month after the car was purchased when a similar instance of the automobile's pulling to the right after the brakes were applied resulted in Wanda's again returning the automobile to Kelly Vance Motors for the assigned reason that the "brakes grab and pull to one side."

Eight days after picking up the automobile, Wanda undertook to pass an automobile on a wet road; and, according to Wanda, she observed a pool of water in the road ahead of her. She testified that she applied the brakes, that the right-front wheel grabbed sending her automobile into a spin and out of control. The automobile struck a telephone pole resulting in severe personal injuries.

According to witnesses who testified for Wanda, it was discovered that the right-front brake drum was "out of round" to a degree exceeding factory specifications. They testified that this was a defect in the manufacturing process which would cause the automobile to pull to the right when the brakes were applied.

Wanda's version of the accident was contradicted, as was the testimony of the extent that the "out of round" condition of the brake drum exceeded factory specification, or that the brake drum was "out of round" at all. All of this presents no problem as a jury issue was presented. Numerous errors are asserted; however, we conclude that appellants' assertion that Wanda failed to prove causation is dispositive of the case.

All of Wanda's witnesses testified that an "out of round" brake drum on the right front would cause the automobile to pull to the right when the brakes were applied. On cross-examination they testified that dirt and dust in the left brake lining would cause the automobile to pull to the right. There was testimony that the brake drums were blown out when the automobile was taken to Kelly Vance Motors. They further testified on cross-examination that water in the left brake lining would cause the automobile to pull to the right; that improper adjustment of the right-front brake drum would cause the automobile to pull to the right. There was testimony by one of the witnesses that an examination of the right-front brake after the accident revealed that it was adjusted too tightly. Wanda's witnesses further testified on cross-examination that improper tire pressure and improper alignment could cause pulling.

The voluminous transcript is composed chiefly of testimony attempting to establish a defect in manufacturing. None of Wanda's expert witnesses testified that the "out of round" brake drum "probably" caused the automobile to pull to one side at the time of the accident. The testimony was that an "out of round" brake drum was dangerous and would cause the automobile to pull when the brakes were applied, also that other conditions asked about would cause the automobile to pull when the brakes were applied.

■ The jury found for Wanda under an instruction based on the doctrine of manufacturer's strict liability. This doctrine of strict liability does not relieve Wanda from the plaintiff's burden of introducing evidence of causation. Although the jury may draw reasonable inferences from the evidence of a defect in manufacturing, it is incumbent on the plaintiff to introduce evidence that will support a reasonable inference that the defect was the "probable" cause of the accident as distinguished from a "possible" cause among other possibilities; otherwise, the jury verdict is based on speculation or surmise. We have held that causation must be established in Holbrook v. Rose, Ky., 458 S.W. 2d 155 (1970); Briner v. General Motors Corp., Ky., 461 S.W.2d 99 (1971); and Huffman v. S. S. Mary and Elizabeth Hospital, Ky., 475 S.W.2d 631 (1972).

■ There is no evidence in this record which would establish that the defect in manufacturing was the probable cause of the accident.

The only evidence which would even tend to establish a probability is encompassed in one question and answer during the cross-examination of one of Wanda's witnesses:

"Q. 144 Likewise, is there any way of telling now whether, at the time of this accident Miss Ringley had, what the reason was for the car pulling to the right, or whichever direction it was, any way of telling what actually happened on that occasion?

"A. The only thing I can tell what caused it is the brake drum being out of round and the lining has been chattering, and it will show chattering points just a little on the lining."

We conclude that this answer is so equivocal that it cannot be said that the witness was testifying as to a probability.

Finally, Wanda cites Gaidry Motors v. Bannon, Ky., 268 S.W.2d 627, as authority for submission of her case to the jury. There the purchaser of a used car drove only fourteen blocks from the used-car lot; and when applying the brakes at an intersection, the car brakes grabbed, causing the car to skid and injure a pedestrian. Mechanics testified that there was grease on one of the brake drums and that this condition would cause the brakes to grab. This court held that the evidence was sufficient to submit the case to the jury on the question of proximate cause. We feel that the brief interval of time between the purchase of the used car and the accident and the absence any other explanation for the mechanical failure are the distinguishing factors between Gaidry and the instant case.

We conclude that Wanda failed to establish a jury issue as to causation and that the trial court erred in not directing a verdict for the appellants.

The judgment is reversed with directions to enter a judgment dismissing the claim against the appellants and further setting aside the judgment of indemnity granted in favor of Kelly Vance Motors against the appellants.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD, and STEPHENSON, JJ., sitting.

MILLIKEN, OSBORNE, REED, STEINFELD, and STEPHENSON, JJ., concurring.

PALMORE, C. J., dissenting.

PALMORE, Chief Justice (dissenting).

I dissent because I am not convinced that the evidence was insufficient to support an inference that the "out-of round" condition of the brake drum caused the accident.