**Nathan R. MORRISON, Appellant,**

v.

**TRAILMOBILE TRAILERS, INC., and Pullman Corporation, Appellees.**

Court of Appeals of Kentucky.

June 27, 1975.

Charles E. Duncan, Duncan & Lehnig, Louisville, for appellant.

Kenneth L. Anderson, Woodward, Hobson & Fulton, Louisville, for appellees.

LUKOWSKY, Justice.

This is an appeal from a judgment of the Jefferson Circuit Court which dismissed the claim of the appellant for property damage in a products liability case. We affirm.

By agreement of the parties the case was tried to the court sitting without a jury. At the conclusion of the evidence adduced by the appellant the court "rendered a Directed Verdict" for the appellees. The court made findings of fact and conclusions of law and, based upon these, entered its judgment. In a nutshell, the findings are the appellant failed to persuade the court that the trailer was defective at the time it left the hands of the appellees and that a defect in the trailer was a substantial factor in causing the accident and damages in issue.

The appellant contends that the quality of his proof is sufficient to frame an issue of fact and that the trial court consequently erroneously directed a verdict and did not make a finding of fact.

The appellees respond that the trial court was the trier of fact and properly made factual findings.

■ This tripartite procedural disorientation makes it necessary that we write a miniprimer on the applicable rules of civil procedure. It is fundamental that only juries return verdicts and that in all actions tried upon the facts without a jury or with an advisory jury the court finds facts. CR 52.01.

CR 41.02(2) provides:

In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52.01.

This provision is complementary to CR 50.-01 which authorizes a motion for a directed verdict in a jury trial. The motion to dismiss in this limited respect fulfills the same mid-trial function as a motion for a directed verdict in a jury case.

■ It is obvious that the considerations of the trial court on a motion to dismiss in a bench trial are quite different from those on a motion for a directed verdict in a jury trial. The quoted section of the rule allows the trial court to determine the facts, and if

judgment is rendered against the plaintiff on the merits it is required to make findings as directed by CR 52.01. As a result of this provision, the trial court in such cases *must weigh and evaluate the evidence.* The trial court does not, as in the case of a motion for a directed verdict, indulge every inference in the plaintiff's favor.

CR 43.01 placed the burden and risk of non-persuasion on the appellant as to the issues upon which the trial court made findings. CR 52.01 limits our review to the question of whether those findings are clearly erroneous and admonishes us to give due regard to the opportunity of the trial court to judge the credibility of the witnesses.

When the trial court makes a finding of fact adverse to the party having the burden of proof and his is the only evidence presented, the test of whether its finding is clearly erroneous is not one of support by "substantial evidence", but rather, one of whether the evidence adduced is so conclusive as to compel a finding in his favor as a matter of law. Cf. *Withers v. Berea College*, Ky., 349 S.W.2d 357 (1961); *Begley v. Wooton*, Ky., 350 S.W.2d 497 (1961).

The appellant argues that his evidence creates questions of fact. This is correct, but these questions were determined adversely to him by the trier of the facts. On the whole his evidence was not so overpowering that a reasonable fact finder could not fail to be persuaded by it.

Once the facts were found the trial court correctly applied the principles of *Briner v. General Motors Corporation*, Ky., 461 S.W.2d 99 (1971) and *Midwestern V. W. Corporation v. Ringley*, Ky., 503 S.W.2d 745 (1973) and dismissed the case.

Despite the confusion of misnomers, the procedural path followed by the trial court was as provided by the rules, and its factual findings are not clearly erroneous.

The judgment is affirmed.

All concur.