Shirley DUNCAN, William F. Duncan, Plaintiffs–Appellants,

v.

IOLAB CORPORATION, Defendant–Appellee.

Bessie ROGERS, Plaintiff–Appellant,

v.

OPTICAL RADIATION CORP., Defendant–Appellee.

Nos. 92–2620, 92–2801.

United States Court of Appeals, Eleventh Circuit.

Jan. 24, 1994.

---

Edward F. Gerace, Tampa, FL, for plaintiff-appellant.

Adele Baker, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, VA, for Iolab Corp.

John W. Bussey, III, Elizabeth C. Wheeler, Johnson & Bussey, Orlando, FL, for defendant-appellee.

Bruce N. Kuhlik, Covington & Burling, Washington, DC, for amicus Health Industry in both cases.

Brian Wolfman, Public Citizen Litigation Group, Washington, DC, for amicus Public Citizen.

Retta M. Riordan, Health Industry Manufacturers Assoc., Washington, DC, for Health Industry.

Lars Noah, Covington & Burling, Washington, DC, for amicus Health Industry in No. 2620.

Before EDMONDSON and BLACK, Circuit Judges, and JOHNSON, Senior Circuit Judge.

PER CURIAM:

In this consolidated products liability action, plaintiffs appeal separate district court orders granting the defendants summary judgment. Plaintiffs both received intraocular lenses in the course of treatment for their cataracts. They filed suit against defendants, manufacturers of the lenses, after plaintiffs suffered injuries allegedly caused by the lenses. The issue is whether section 360k(a) of the Medical Device Amendments of 1976 to the Food, Drug and Cosmetic Act of 1938, 21 U.S.C. §§ 301 et seq., preempts plaintiffs' state law claims for negligence, strict liability in tort, and breach of implied warranty. We follow the Seventh Circuit and conclude that it does. *See Slater v. Optical Radiation Corp.*, 961 F.2d 1330 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 327, 121 L.Ed.2d 246 (1992).

The judgments of the district courts are AFFIRMED.