**BOURBON COUNTY BOARD OF ADJUSTMENT, Appellant,**

v.

**Wayne CURRANS, Raymond B. Fryman, and Minnie Fryman, Appellees.**

No. 93–CA–0366–MR.

Court of Appeals of Kentucky.

April 15, 1994.

Roger A. Michael, Bourbon County Atty., John J. Brady, Paris, for appellant.

James E. Prater, Paris, for appellee/Currans.

James M. Lovell, Paris, for appellees/Fryman.

Before GARDNER, JOHNSTONE and MILLER, JJ.

*OPINION*

MILLER, Judge:

The Bourbon County Board of Adjustment (board) brings this appeal from an order of

the Bourbon Circuit Court entered January 13, 1993, directing the board to grant dimensional variances to co-appellee Wayne Currans, relative to property located at 3960 Lexington Road, Paris, Kentucky. We reverse.

On April 6, 1991, Currans filed an application with the board for four variances with respect to the Lexington Road property. Ky.Rev.Stat. (KRS) 100.241, 100.257, and 100.261. The property being appropriately zoned, he sought to have these variances to further accommodate the construction of a food and gasoline mart thereon. At a December 18, 1991, public meeting, the board granted two of Currans's requests, but denied the other two—they being side and rear yard variances, which have become the subject of this litigation. On January 16, 1992, Currans together with co-appellees Raymond B. and Minnie Fryman (adjoining property owners) filed an appeal in the Bourbon Circuit Court seeking to overturn the board's action in denying the two dimensional variances. KRS 100.347. On June 22, 1992, the circuit court remanded the case to the board with instructions that the board draft findings utilizing the criteria and considerations set forth in KRS 100.243. Thereafter, the board appointed a committee composed of two of its members along with an administrative official and the board's counsel to review the tape of the December 18, 1991, meeting and make additional findings. The committee met informally and prepared additional findings which were approved at a special meeting of the board.[1] On August 31, 1992, counsel for the board filed the amended findings. It is upon this consideration that the circuit court entered judgment directing that the dimensional variances be granted. This appeal ensues.

The briefs in this matter are somewhat confusing. The arguments advanced by the board and responded to by the appellees simply do not mesh. As we glean from the briefs, the issues are that the trial court erred (1) in ordering that the two variances be granted; and (2) in determining that the committee, which prepared the amended findings of the board, violated the "Open Meetings Act" set forth in KRS 61.805–.850.

Considering the first issue, we are afforded many cases concerning zoning changes. But this is not a rezoning case. Rather, it is a matter springing from the Board of Adjustment, which is not a primary vehicle for zoning classification. Although the board's decision in granting variances may effectively amend the zoning ordinance, it is best described as an administrative body providing a "safety valve" for the zoning ordinance. *See Kline v. Louisville & Jefferson County Board of Zoning Adjustment and Appeals,* Ky., 325 S.W.2d 324 (1959). Without such a board, zoning ordinances would be rendered unyielding and unworkable. Simply stated, the board, under appropriate circumstances, provides a vehicle for relief from the zoning scheme. KRS 100.243 sets forth the findings necessary for granting variances.[2] This section demonstrates a bias against variances, and the burden of proof in convincing the board is on the one seeking the variance. *Cf. Gentry v. Ressnier,* Ky., 437 S.W.2d 756 (1969). By setting forth findings that must precede the granting of a variance, the statute protects the overall zoning scheme from the ill effects of light and transient changes.

Currans applied to the board for the variances in question. KRS 100.261. As we understand the record, only he testified at the December 18 public hearing. He offered supporting affidavits from adjoining property owners. There were no protestants and no evidence was entered of record against Currans's request. Upon this status, the board denied the requests by a four to one vote, prompting Currans's resort to the judicial arena. KRS 100.347. Currans contends—we think incongruously for reasons hereinaf-

---

1. The findings are essentially a "parroting" of the elements, set forth in Ky.Rev.Stat. 100.243, as a basis for consideration of variances.

2. **KRS 100.243. FINDINGS NECESSARY FOR GRANTING VARIANCES.**—(1) Before any variance is granted, the board must find that the granting of the variance will not adversely affect the public health, safety or welfare, will not alter the essential character of the general vicinity, will not cause a hazard or a nuisance to the public, and will not allow an unreasonable circumvention of the requirements of the zoning regulations. . . .

ter stated—that the board's denial is not supported by substantial evidence.

Because of apparent confusion in framing the issues in this appeal, we feel it appropriate to make preliminary observations. Responding to the burden upon our traditional three branches of government, it has become the ever-increasing custom of delegating certain governmental functions to an array of administrative boards, commissions, agencies, and the like. These bodies, in many case, are established by the legislative branch. Once established, they perform a mixed bag of legislative, executive, and judicial functions. Constitutionality requires that their acts and decisions be subject to judicial review. See Kendall v. Beiling, 295 Ky. 782, 175 S.W.2d 489 (1943). On review, it is most helpful to determine the function performed by the body in order to determine the appropriate standard of review; that is to say, one should look not only at the nature of the body,[3] but more particularly to the act performed by it. Was it a legislative, executive, or judicial act? Ultimately, it is the act or function performed and not the nature of the body which dictates the standard of review.

■ The Board of Adjustment is an administrative board performing specified legislative functions relative to zoning. KRS 100.217 et seq. Cf. American Beauty Homes Corp. v. Louisville & Jefferson County Planning and Zoning Comm'n, Ky., 379 S.W.2d 450 (1964), and Kline, supra. Power is delegated to the board by the legislature. The board, consistent with that delegation, must conduct a trial-type hearing and make adjudicative findings of fact to support its legislative decision and to afford a basis for judicial review. In making these findings, the board is not held to strict judicial standards. See McKinstry v. Wells, Ky.App., 548 S.W.2d 169 (1977). However, the findings must contain sufficient information to afford a meaningful review as to the arbitrariness of the board's decision.

■ An administrative decision granting relief to one having the burden of proof must be supported by findings based upon substantial evidence.[4] Without such support, the decision is arbitrary and cannot weather judicial review. Arbitrary power is constitutionally condemned in this Commonwealth. Ky. Const. § 2. On the other hand, the failure to grant administrative relief to one carrying the burden is arbitrary if the record compels a contrary decision in light of substantial evidence therein. Cf. Morrison v. Trailmobile Trailers, Inc., Ky., 526 S.W.2d 822 (1975).

Not infrequently, contestants appear at the judicial level arguing that the administrative decision is not supported by substantial evidence when the board has offered no relief in the first instance. In other words, the board has ruled that the one having the burden of proof—usually the applicant—has failed. In such cases, attention should be directed to the administrative record in search of compelling evidence demonstrating that the denial of the relief sought was arbitrary. The argument should be that the record compels relief. The argument that there is no substantial evidence to support nonrelief is an anomaly.

■ Turning to the case at hand, Currans applied to the board for relief in the form of dimensional variances. He appeared before the board and offered testimony that he did not need the variances, but desired them apparently to better facilitate the use of the premises in question. He was supported by neighbors who manifested that they had no objection. With this evidence and under the constraints of KRS 100.243, the board denied the application and simply reiterated those constraints. The question before the circuit court should have been whether the record compelled a finding in Currans's favor, not whether the board's decision was supported by substantial evidence. In fact, there was no decision to grant relief. We are of the opinion that the circuit court erred in its

---

3. For example, Workers' Compensation Board (KRS Chapter 342), Board of Auctioneers (KRS Chapter 330), and Alcoholic Beverage Control Board (KRS Chapter 241), etc.

4. Substantial evidence is that which when taken alone or in light of all the evidence has sufficient probative value to induce conviction in the minds of reasonable men. Kentucky State Racing Comm'n v. Fuller, Ky., 481 S.W.2d 298 (1972).

analysis of the case. We further deem that the record does not compel a finding that the variances be granted by the board. It follows, then, that we believe the circuit court erred in directing the board to grant the variances.

■ Because of the absence of a quorum of board members, we conclude that the Open Meetings Act was not applicable to the private review of the taped public meeting by a committee of two board members, an administrative employee, and legal counsel for the purpose of preparing amended findings pursuant to circuit court order. KRS 61.810. Moreover, the amended findings were approved at a subsequent special meeting of the board.

For the foregoing reasons, the order of the Bourbon Circuit Court is reversed.

All concur.