**John BURNETT et al., Plaintiffs,**

v.

**PFIZER, INC. et al., Defendants.**

**Civ. A. No. 94–44.**

United States District Court,
E.D. Kentucky,
Lexington Division.

Sept. 6, 1994.

Thomas E. Carroll, Charles C. Pharis, Carroll, Germain, Tobbe & Miniard, Monticello, KY, for plaintiffs.

Charles J. Cronan, IV, J. Clarke Keller, James W. Taylor, Stites & Harbison, Lexington, KY, Charles J. Cronan, IV, Stites & Harbison, Louisville, KY, David Klingsberg, Steven Glickstein, Lori B. Leskin, Kaye, Scholer, Fireman, Hays & Handler, New York City, for defendants.

### *OPINION AND ORDER*

FORESTER, District Judge.

The plaintiffs, John Burnett and Karen Burnett, filed this action on January 5, 1994 in Fayette Circuit Court, and the defendants, Pfizer, Inc. and Shiley, Inc., removed it to this Court based on diversity jurisdiction. Pfizer and Shiley now move for summary judgment. Summary judgment is appropriate if the moving parties establish that there is no genuine issue of material fact for trial and that they are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

On September 27, 1985, John Burnett underwent surgery in which he received a Shiley Convexo–Concave artificial heart valve in

---

**4.** *See* 28 U.S.C. § 1447(d) (denying appellate review of a remand order based on lack of subject matter jurisdiction).

place of his diseased aortic valve. Shiley, a subsidiary of Pfizer, manufactured the artificial valve. The surgery was successful, and the artificial valve functioned without any problems. At some later point, Burnett learned that the Shiley artificial valve was subject to fracture. Nevertheless, in light of the slight risk, Burnett's physician did not recommend separate replacement surgery.

On January 21, 1993, Burnett underwent surgery again to replace his diseased mitral valve with an artificial one and to receive a replacement for the Shiley valve. Burnett's physician had recommended replacing the Shiley valve during this surgery because of the risk of fracture. Upon removal of the Shiley valve, the physician found that it was in perfect working order. Unfortunately, during or after the surgery, Burnett suffered a stroke in the right side of his brain. Burnett's physician cannot conclude that the Shiley valve caused the stroke because he does not know the cause. Burnett asserts tort claims under Kentucky law for strict products liability, negligence, and fraud, and his wife, Karen Burnett, asserts a claim for loss of consortium.

■ Pfizer and Shiley argue that the express preemption provision in the Medical Device Amendments of 1976 to the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 360k(a), preempts the Burnetts' claims. In the aftermath of the Supreme Court's recent preemption decision in *Cipollone v. Liggett Group, Inc.,* —— U.S. ——, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992), and following the lead of the Seventh Circuit Court of Appeals in *Slater v. Optical Radiation Corp.,* 961 F.2d 1330 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 327, 121 L.Ed.2d 246 (1992), federal courts have universally held that the broad preemption provision of section 360k(a) preempts state tort claims. *See Gile v. Optical Radiation Corp.,* 22 F.3d 540 (3rd Cir.1994); *Duncan v. Iolab Corp.,* 12 F.3d 194 (11th Cir.1994); *Stamps v. Collagen Corp.,* 984 F.2d 1416 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 86, 126 L.Ed.2d 54 (1993); *King v. Collagen Corp.,* 983 F.2d 1130 (1st Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 84, 126 L.Ed.2d 52 (1993); *Kemp v. Pfizer, Inc.,* 835 F.Supp.

1015 (E.D.Mich.1993). This Court follows the rationale in those well-reasoned opinions and concludes that section 360k(a) preempts the Burnetts' claims.

■ Pfizer and Shiley argue in the alternative that they are entitled to summary judgment under Kentucky law based on the lack of causation evidence.

Although the jury may draw reasonable inferences from the evidence of a defect in manufacturing, it is incumbent on the plaintiff to introduce evidence that will support a reasonable inference that the defect was the "probable" cause of the accident as distinguished from a "possible" cause among other possibilities; otherwise, the jury verdict is based on speculation or surmise.

*Midwestern V.W. Corp. v. Ringley,* 503 S.W.2d 745, 747 (Ky.1973). The Burnetts produce no evidence that the Shiley heart valve was defective or that a defect was the probable cause of the stroke. The Shiley valve was in perfect working order upon removal. Although a slight risk of fracture existed, the replacement occurred only because John Burnett underwent surgery to replace another diseased valve. Burnett's physician cannot conclude that the Shiley valve caused the stroke. Therefore, even if federal law did not preempt the Burnetts' claims, Pfizer and Shiley would be entitled to summary judgment under Kentucky law.

Accordingly, the Court hereby ORDERS that the motions of Pfizer and Shiley for summary judgment based on federal preemption [docket entry 18] and for summary judgment dismissing the complaint [docket entry 20] are GRANTED, and summary judgment will be entered contemporaneously with this opinion and order in their favor.