RENDERED:  DECEMBER 15, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0217-MR

PAMELA D. BLAIR                                                                APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
ACTION NO. 20-CI-004093


LOUISVILLE METRO BOARD OF
ZONING ADJUSTMENT ("BOZA");
GARY SHEARER; GDS BUILDER
AND REMODELER LLC; HARINI
CHENNA; RANDALL CAMPBELL;
RONALD J. BIDDLE; AND SUNRISE
CUSTOM HOMES, LLC                                                        APPELLEES


OPINION
VACATING
AND REMANDING

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND EASTON, JUDGES.

COMBS, JUDGE:  This case is an appeal arising from a zoning issue.  Pursuant to

the provisions of KRS[1] Chapter 100, Pamela Blair appeals an order of the Jefferson

---

[1] Kentucky Revised Statutes.

Circuit Court that affirmed a decision of the Louisville Metro Board of Zoning Adjustment (the Board or BOZA.) The Board approved a variance from the county's development code provisions and authorized the encroachment of a structure (a home and retaining wall) upon the setback requirement. The circuit court affirmed the Board's issuance of a variance. Based upon the inadequacy of the Board's findings of fact, we are compelled to vacate and remand.

In April 2020, Ronald Biddle applied for a variance related to his property in Sanctuary Bluff subdivision. The single-family residence encroached by approximately 2.6 feet upon the Land Development Code's 30-foot front yard setback requirement. A retaining wall, part of which rose above ground level by more than four feet, was a mere 15 feet from the front property line.

Less than a year earlier, the Board had rejected a variance application submitted by Sunrise Custom Homes, LLC, the builder of the home, for the same property. However, before making his application for the variance, Biddle had made significant alterations to the structure by removing a portion of the front of the house in an effort to reduce the encroachment. The Board's staff analyzed the second application and found that the variance was now justified because, in part, "strict application of the provisions of the regulation would create an unnecessary hardship on the applicant as they [*sic*] have made significant alterations to the layout of the structure to reduce the encroachment as much as possible."

A public hearing was conducted by the Board in June 2020. A presentation was made by Board staff, and several individuals testified in support of the variance. Blair testified in opposition. She argued that the builders had originally constructed the new home **in willful disregard** of the setback requirements and that her neighboring property had been damaged by the forward placement of the new residence. Following a period of deliberation, the Board adopted a resolution approving the variance request. It found specifically as follows:

> WHEREAS, the Louisville Metro Board of Zoning Adjustment finds that the requested variance will not adversely affect the public health, safety or welfare as the structure must be constructed to comply with all building codes, including fire codes, and
>
> WHEREAS, the Board further finds that the requested variance will not alter the essential character of the general vicinity as there is some variation in front yard setbacks for principal structures in the area, and
>
> . . .
>
> WHEREAS, the Board further finds that the requested variance will not allow an unreasonable circumvention of the zoning regulations as the applicant has made significant changes to the structure to reduce the encroachment into the front yard . . . .

Thereafter, Blair filed an appeal in the Jefferson Circuit Court seeking judicial review of the Board's decision. The circuit court rejected Blair's contention that the decision was arbitrary or capricious and concluded that she had

-3-

been afforded due process. As an aside, it noted that Blair had a separate cause of action against any property owner who impinged upon her rights as established in the subdivision's master deed. This appeal followed.

On appeal, Blair argues that the circuit court erred by affirming the Board's decision because the testimony at the public hearing showed that construction of the home in violation of the zoning regulations was **willful**. Blair also contends that she was deprived of due process and that the Board failed to render necessary findings of fact.

The standard of review applicable in planning and zoning matters was set forth in *American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission*, 379 S.W.2d 450 (Ky. 1964), which held that the overriding concern of the reviewing court is whether the administrative body's action was arbitrary. In determining arbitrariness, the court must determine: (1) whether the agency exceeded its statutory authority; (2) whether the parties were afforded procedural due process; and (3) whether the agency decision was supported by substantial evidence. *Id.*

KRS 100.241 grants the Board "the power to hear and decide on applications for variances" and allows the Board to "impose any reasonable conditions or restrictions on any variance it decides to grant." KRS 100.243 sets

forth the findings and considerations that **must be made** before the Board may grant a variance:

> (1) Before any variance is granted, the board must find that the granting of the variance will not adversely affect the public health, safety or welfare, will not alter the essential character of the general vicinity, will not cause a hazard or a nuisance to the public, and will not allow an unreasonable circumvention of the requirements of the zoning regulations. In making these findings, the board shall consider whether:
>
>> (a) The requested variance arises from special circumstances which do not generally apply to land in the general vicinity, or in the same zone;
>>
>> (b) The strict application of the provisions of the regulation would deprive the applicant of the reasonable use of the land or would create an unnecessary hardship on the applicant; and
>>
>> (c) The circumstances are the result of actions of the applicant taken subsequent to the adoption of the zoning regulation from which relief is sought.
>
> (2) The board shall deny any request for a variance arising from circumstances that are the result of willful violations of the zoning regulations by the applicant subsequent to the adoption of the zoning regulation from which relief is sought.

A party seeking a variance bears the burden of proof to convince the Board that a variance is justified. *Bourbon County Bd. of Adjustment v. Currans*, 873 S.W.2d 836 (Ky. App. 1994).

The Supreme Court of Kentucky has held that "[t]he legislative limits on the grant of variances [set forth in KRS 100.243] are *not* mere technicalities. The system delineated sets forth specific factors that the Board must consider and findings that must be made." *Louisville & Jefferson County Planning Comm'n v. Schmidt*, 83 S.W.3d 449, 454 (Ky. 2001). Thus, adequate findings of fact in strict compliance with KRS 100.243 are required before the Board may grant a variance. While the Board is not held to strict judicial standards in making its findings, its findings must include "sufficient information to afford a meaningful review as to the arbitrariness of the [its] decision." *Currans*, 873 S.W.2d at 838. We conclude that the Board's findings in this matter were insufficient to permit meaningful judicial review.

To reiterate, KRS 100.243(1) requires the Board to make findings as to four specific issues in considering an application for a variance: (1) whether the granting of the variance will adversely affect the public health, safety, or welfare; (2) whether the granting of the variance will alter the essential character of the general vicinity; (3) whether the granting of the variance will cause a hazard or a nuisance to the public; and (4) whether the granting of the variance will allow an unreasonable circumvention of the requirements of the applicable zoning regulations. Blair contends that the Board failed to find whether the granting of the variance "will cause a hazard or a nuisance to the public."

In its brief, the Board argues that Blair does not understand the breadth of its authority. It contends that its failure to find specifically that the variance would not cause a hazard or a nuisance to the public is inconsequential because no one offered testimony to suggest that it would. Additionally, it maintains that this Court has "conflated the 'public health, safety and welfare' requirement of KRS 100.243 with the prohibition on 'hazard or nuisance to the public.'" Finally, it argues that the existence of a building permit indicates that the structure would not cause a hazard or nuisance to the public. Biddle and Sunrise Custom Homes, LLC, join in these contentions. Sunrise Custom Homes, LLC, adds that "absent any allegation that there was a threat to public safety, additional findings that there was no public threat would merely be gilding the lily."

The appellees rely heavily on our analysis in *Ball v. Oldham County Planning and Zoning Commission*, 375 S.W.3d 79 (Ky. App. 2012). In *Ball*, we considered the legal sufficiency of the Board's findings of fact. The Board found as follows:

> Move to approve the variance because as we have discussed today it will not adversely affect the public health, safety, or welfare because [it] will not alter the essential character of the general vicinity, will not cause a hazard or nuisance to the public, and will not allow an unreasonable circumvention of the requirements of the zoning regulations because there has been no testimony today that any of these criteria would be violated[.] [T]he cliffs and slopes on the property are unique and therefore the requested variance arises from special

circumstances which do not generally apply to land in the general vicinity or in the same zone[.] [A]lso the steep slopes make it cost prohibitive to build an access across the property[.] [I]n addition the strict application of the provisions of the regulation would deprive the applicant of the reasonable use of the land or would create an unnecessary hardship on the applicant, because the applicant bought the property and did not know the requirements of dividing it and denying this would deprive him of the ability to sell the land as a separate lot thus denying him reasonable use of the land.

*Id.* at 83. We determined that the Board's findings were not "so sparse or 'bare bones' in nature" as to require that they be set aside as insufficient (*id.*) -- especially where no evidence had been introduced to show that the variance could "adversely affect the public health, safety, or welfare" or that it "would cause a hazard or nuisance to the public . . . ." (Beyond Appellant's personal objection.) *Id*. We concluded that more extensive findings as to these issues would not have been helpful or perhaps even possible.

However, our analysis in *Ball* does not support the appellees' contention that the Board's failure to make a required finding of fact can be overlooked. While the findings challenged in *Ball* were characterized as "sparse," they did not **entirely omit** a finding specifically required by the provisions of KRS 100.243. In the case before us, there is no indication that the Louisville Metro Board of Zoning Adjustment considered whether the granting of the variance would cause a hazard or a nuisance to the public. Moreover, despite the appellees'

-8-

representations, no opinion of this Court has "conflated the 'public health, safety and welfare' requirement of KRS 100.243 with the prohibition on 'hazard or nuisance to the public.'"

The provisions of KRS 100.243 establish specific factors that the Board must consider and findings that must be made before a variance can be granted. The language is clearly mandatory rather than permissive. As the Supreme Court of Kentucky observed in *Schmidt*, 83 S.W.3d at 454, "the legislature recognized the very real tensions that necessarily exist between the interests of the landowner and society as a whole." In *Schmidt*, our Supreme Court agreed with the circuit court's assertion that where a variance is sought, "the interests of the focused and financially motivated landowners are pitted against that of the general public, whose interests frequently, if represented at all, are voiced by uncompensated adjoining landowners." *Id.* The Supreme Court astutely observed that issues related to the public welfare are "much more nebulous." As a consequence, in order to prevent the objectives of the comprehensive plan from being compromised and eroded over time, the General Assembly enacted clear limitations upon the Board's ability to grant variances.

By requiring the Board to comply with the requirements of the provisions of the statute, we are not asking the Board merely "to gild the lily." Instead, by rendering the required findings of fact, the Board complies with its

statutory duty to clarify the basis of its decision so that we can conduct a meaningful review. It reveals its intention to consider and to protect the public at large by finding whether the variance will cause a hazard or nuisance. Our legislature's requirement that this finding be made cannot be ignored.

Appellees have also argued essentially that the issuance of a building permit by another office of the City of Louisville is evidence *per se* of compliance with the zoning regulations -- even where the contested structures were not built in accordance with the provisions of that very permit. We do not agree. The issuance of a building permit alone cannot be deemed to substitute for -- or be tantamount to -- the Board's duty to make its mandatory statutory findings. That reasoning neglects to recognize both the logical and temporal sequence of events; *i.e.*, that strict compliance with the zoning regulations on their face or by means of a duly granted variance is a condition precedent to the ability of the property owner to utilize a building permit. In so holding, we are not "gilding the lily"; we are instead safeguarding its very root system.

To summarize, the Board's findings fail to reflect that it considered all of the factors set forth in KRS 100.243. Its omission of any analysis of whether the variance will cause a hazard or nuisance to the public renders its decision fatally flawed.

Consequently, we vacate the order of the Jefferson Circuit Court and remand it to the court for further proceedings, which would necessarily implicate its remand to the Board for required findings as set forth in KRS 100.243 and the relevant statutes.

EASTON, JUDGE, CONCURS.

CETRULO, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

CETRULO, JUDGE, DISSENTING:  Respectfully, I would affirm the Jefferson Circuit Court which upheld the grant of a variance by the Board of Zoning Adjustment.  Therefore, I dissent.

I agree that adequate findings of fact and strict compliance with KRS 100.243 are required.  However, I do not find the Board's findings in this matter were insufficient to permit our meaningful review.  Rather, I believe *Ball*, *supra*, does support upholding the variance granted herein.  In its resolution, the Board twice stated that "the requested variance will not adversely affect the public health, safety, or welfare as the structure must be constructed to comply with all building codes, including fire codes."  As in *Ball*, there was no evidence here that the variance would cause any hazard or nuisance to the public.  Instead, Blair simply asserted her own complaints of a perceived private nuisance.

Therefore, I "fail to see how more extensive findings . . . would have been helpful or even possible."  *Ball*, 375 S.W.3d at 85.

BRIEFS FOR APPELLANT:

Bart L. Greenwald
James L. Adams
Louisville, Kentucky

BRIEF FOR APPELLEE
RONALD J. BIDDLE:

Paul R. Schurman, Jr.
Mackenzie Ackermann
Louisville, Kentucky

BRIEF FOR APPELLEE
LOUISVILLE METRO BOARD OF
ZONING ADJUSTMENT:

Michael J. O'Connell
Anne P. Scholtz
Travis J. Feichter
Laura M. Ferguson
Louisville, Kentucky

BRIEF FOR APPELLEE SUNRISE
CUSTOM HOMES, LLC:

Robert W. Dewees, III
Louisville, Kentucky